UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ELTZROTH,

        Plaintiff,

   v.                                    CAUSE NO. 3:21-CV-605-DRL-MGG

TERA K. KLUTZ *et al.*,

        Defendants.

OPINION AND ORDER

Kenneth Eltzroth, a prisoner without a lawyer, filed an amended complaint alleging that prison officials were taking unconstitutional deductions from his prison job wages. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Eltzroth alleges that from December 13, 2019 to December 18, 2020, during his confinement at the Miami Correctional Facility, he worked at the Wire Shop, a joint venture with the Indiana Correctional Industries that pays its inmate workers the minimum wage. ECF 11 at 1-2. He contends that the defendants unconstitutionally deducted money from his earnings. *Id.* at 2. Mr. Eltzroth states that each pay period he

had 40 percent of his pay deducted for a fund called the "Victim's Room and Board - Inmates" and an additional 10 percent deducted for the "Victim's Fund." *Id*. These deductions totaled 50 percent of his earnings. *Id*.

He asserts that the defendants did not have the authority to impose a separate fee for room and board, especially not a fee for victims' room and board without a court order. *Id*. Mr. Eltzroth says he has never been ordered to pay any fees or restitution for any such victims in connection with his sentence, or for any other reason. *Id*. Mr. Eltzroth asserts that each prison facility is allocated money in their budget for room and board for each inmate and he has never received special food, clothing, or housing in exchange for paying into this fund. *Id*. at 3. Mr. Eltzroth requests that the defendants repay the $2,158.82 deducted from his earnings, plus punitive damages and court costs for a total amount of $7,958.82. *Id*.

Mr. Eltzroth frames the issue as whether the defendants have the authority to deduct expenses for the two victims' funds from his wages without an order from the sentencing court or other court order permitting them to do so. Indiana law allows expenses for room and board to be deducted from the wages of a prisoner employed by a private employer, who pays the prevailing wage for that type of work. Ind. Code §§ 11-10-7-3; 11-10-7-5(a)(3). The statute explicitly provides that employment with such a private employer is voluntary and can occur "only after the offender has been informed of the conditions of the offender's employment." Ind. Code § 11-10-7-3. One of the conditions is that "[t]he earnings of an offender employed under this chapter shall be

2

surrendered to the department" and distributed according to the terms of the statute, Ind. Code § 11-10-7-5(a).

Prison regulations enacted pursuant to this statute specify that the first 20 percent of an offender's gross earning is for his use (either available right away or given upon his release). *See* Indiana Department of Correction, Policy and Administrative Procedure 04-01-104, Inmate Trust Fund, effective date August 5, 2009, at p. 5, available at https://www.in.gov/idoc/dys/files/04-01-104_8-5-09.pdf. Then, after the necessary taxes are deducted, the regulations specify that 40 percent shall be taken for room and board and authorizes, among other things, 10 percent to be taken for the violent crime Victim's Compensation Fund established by Indiana Code § 5-2-6.1-40. Therefore, there is explicit authority authorizing the Indiana Department of Correction to take a portion of Mr. Eltzroth's earnings for the two funds. This policy is in line with the federal Ashurst-Sumners Act, 18 U.S.C. § 1761 *et seq.*, which governs when goods produced by prison labor may be sold in interstate commerce. For such goods to be sold in interstate commerce, the company must pay the prisoner market wages. 18 U.S.C. § 1761(c). But the statute does not entitle the prisoner to *keep* all those wages. It specifies that the prisoner is entitled to keep at least 20 percent of his gross wages, but the remaining 80 percent may be used to pay taxes, reasonable charges for room and board, child and family support, or victim compensation funds. *Id.* Thus, these statutes provide a legal basis for the prison to deduct room and board and victim compensation from an employed inmate's wages. Mr. Eltzroth otherwise has no right to receive more of his wages.

Furthermore, even in the absence of explicit statutory authority, Mr. Eltzroth cannot bring a wage claim under either Indiana law or the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq. See Adams v. ArvinMeritor, Inc.*, 60 N.E.3d 1022, 1024 (Ind. 2016) ("Indiana Code section 11-10-7-4 did not explicitly create a private right of action for offenders to pursue wage claims."). The court of appeals has not explicitly addressed this situation when a prisoner is employed by a private employer in a partnership with the prison. *Cf. Vanskike v. Peters*, 974 F.2d 806 (7th Cir. 1992) (concluding FLSA does not apply to "prisoners who are assigned to work within the prison walls for the prison"); *Bennett v. Frank*, 395 F.3d 409 (7th Cir. 2005) (extending *Vanskike* to prisoners in privately run prisons); *Sanders v. Hayden*, 544 F.3d 812 (7th Cir. 2008) (extending *Vanskike* to people "confined civilly as a sexually violent person"). However, every other circuit that has addressed the issue has concluded that the FLSA does not apply to prisoners employed by a private company in partnership with the prison. *See Harker v. State Use Indus.*, 990 F.2d 131, 133 (4th Cir. 1993); *Alexander v. Sara, Inc.*, 721 F.2d 149, 149-50 (5th Cir. 1983); *McMaster v. Minnesota*, 30 F.3d 976, 980 (8th Cir. 1994); *Hale v. Arizona*, 993 F.2d 1387 (9th Cir. 1993) (en banc), abrogated on other grounds by *Seminole Tribe v. Florida*, 517 U.S. 44 (1996); *Franks v. Okl. State Indus.*, 7 F.3d 971 (10th Cir. 1993); *Gambetta v. Prison Rehab. Indus. & Diversified Enter., Inc.*, 112 F.3d 1119, 1125 (11th Cir. 1997). The Eleventh Circuit concisely summed up the reasoning:

> Each court looked to the dual purposes of the FLSA—the provision of a decent standard of living for all workers and the avoidance of unfair competition—and concluded that neither was implicated. Each court noted that the state provides prisoners with food, shelter, and clothing, so that their standard of living is not at issue in this sort of case. And each court

4

> noted that Congress has addressed the issue of unfair competition more specifically in the Ashurst–Sumners Act, 18 U.S.C. §§ 1761–62, which criminalizes the transportation in interstate commerce of prison-made goods in instances where prisoner labor threatens fair competition. Moreover, Ashurst–Sumners exempts prison-made goods manufactured for use by federal, state and local governments. 18 U.S.C. § 1761(b). We are persuaded by the reasoning of our sister circuits, and we join them in the conclusion that inmates who work for state prison industries are not covered by the FLSA.

*Gambetta*, 112 F.3d at 1124 (internal citations and footnote omitted). Therefore, Mr. Eltzroth cannot proceed on a wage claim under either Indiana law or the FLSA. His employment with the Wire Shop was conditioned on these deductions being taken from his pay, and he otherwise has no right to demand he be paid more than what he has received.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 6, 2022                                      *s/ Damon R. Leichty*
                                                 Judge, United States District Court

5